**Shaun Rose Law LLC**
Shaun M. Rose, Esq.
Nevada Bar #13945
9505 Hillwood Dr., Suite 100
Las Vegas, Nevada 89134
Phone: (702) 570-3838
Email: shaun@shaunroselaw.com
*Attorney for Plaintiff Brandi Begelman*

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| BRANDI BEGELMAN,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>ROADWAY MOVERS INC. D/B/A ROADWAY MOVING; DOES I through X, inclusive; and ROE CORPORATIONS I through X, inclusive,<br><br>　　　　Defendant. | CASE NO.: 2:20-cv-00717-GMN-BNW<br><br>**AMENDED STIPULATION AND ORDER TO EXTEND DISCOVERY PLAN AND SCHEDULING ORDER**<br><br>**(Third Request)** |

　　　　Plaintiff, Brandi Begelman (herein "Plaintiff" or "Ms. Begelman"), and Defendant Roadway Movers Inc. d/b/a Roadway Moving (herein "Defendant" or "Roadway Moving"), by and through their respective counsel, hereby request that the discovery deadlines in the previously filed Defendant's Motion to Extend Discovery Deadlines [Doc. 21], be extended by ninety (90) days, pursuant to FRCP 29 and LR 26-3 as follows:

　　　　**A.**　　**DISCOVERY WHICH HAS BEEN COMPLETED**

　　　　The parties have conducted the following discovery to date:

　　　　1. Participation in the FRCP 26(f) conference;

　　　　2. Plaintiff disclosed her Initial FRCP 26(a)(1) Disclosures of Witnesses and Documents;

　　　　3. Defendant disclosed its Initial FRCP 26(a)(1) Disclosure of Witnesses and Documents;

　　　　4. Defendant propounded Requests for Admissions, Request for Production of Documents and Interrogatories to Plaintiff, of which, Plaintiff has served her responses thereto;

5. Defendant took the deposition of Plaintiff Brandi Begelman;

6. Defendant took the deposition of Plaintiff's witness, Nathan Begelman;

7. Plaintiff propounded Requests for Admissions, Requests for Production of Documents and Interrogatories to Defendant;

8. Plaintiff disclosed her Initial Expert Witnesses and Reports;

9. Defendant disclosed its Initial Expert Witnesses and Reports;

10. Defendant disclosed its Rebuttal Expert Witness and Report.

**B.     DISCOVERY WHICH REMAINS TO BE CONDUCTED**

1. Depositions of Defendant's witnesses Ross Sapir and Pedro Silva;

2. Depositions of the parties' respective expert witnesses;

3. Defendant's Responses to Plaintiff's Requests for Admissions, Requests for Production of Documents, and Interrogatories; and

4. Any additional discovery deemed necessary by the parties.

**C.     REASONS WHY THE PROPOSED DISCOVERY PLAN WAS NOT COMPLETED PRIOR TO THE EXPIRATION OF THE CURRENT DISCOVERY DEADLINE**

The parties have been working diligently to complete discovery, however, through a mutual understanding and agreement, the parties have decided that attempting to resolve this case through private mediation is desirable and appropriate. As such, the parties have agreed to put discovery on hold to avoid the accruing costs of such and so that the parties can focus and prepare their respective cases for private mediation, which is scheduled for April 28, 2021.

The current deadline to provide a stipulation for extending the current Discovery Plan and Scheduling Order is March 23, 2021, and the parties respectfully request an extension. The parties and their counsel regret that this stipulation to extend discovery deadlines was not timely and apologize to the Court for the inconvenience. The filing of this stipulation after the

expiration of the discovery deadline was the result of excusable neglect and the parties and their counsel wish to add the following joint declaration that will demonstrate to the Court that the untimely stipulation was the result of excusable neglect and that there is good cause for the Court to grant the requested extensions. The joint declaration is as follows:

**JOINT DECLARATION OF DAVID B. AVAKIAN, ESQ. AND SHAUN M. ROSE, ESQ. IN SUPPORT OF STIPULATION AND ORDER TO EXTEND DISCOVERY PLAN AND SCHEDULING ORDER**

We, David B. Avakian, and Shaun M. Rose, declare as follows:

1. We are both attorneys, duly licensed and authorized to practice law in the State of Nevada and before this Court.

2. We represent our respective clients in the matter entitled *Brandi Begelman v. Roadway Movers, Inc., d/b/a Roadway Moving* (Case No. 2:20-cv-00717) pending before the United States District Court in and for the District of Nevada (the "Action").

3. We are submitting this Declaration in support of the foregoing Amended Stipulation and Order to Extend Discovery Plan and Scheduling Order ("Stipulation"). If called as a witness, we would and could competently testify to the facts set forth in the Stipulation based upon my personal knowledge, except where stated upon information and belief and, as to these matters, we are informed and believe them to be true.

4. On April 21, 2020, Plaintiff Brandi Begelman ("Plaintiff") commenced this Action, alleging a cause of action in her Complaint for violation of 49 U.S.C. § 14706 (the "Carmack Amendment") relating to alleged personal property damage sustained during a household goods move.

5. The Court previously extended the discovery dates in this matter on December 17, 2020 for good cause, following a hearing before the Magistrate Judge. See, ECF No. 26. The Parties have been diligently moving this case forward and have taken a number depositions and propounded written discovery on each other. The Parties have designated experts and disclosed additional documents in preparation for trial. In addition, the Parties had scheduled four

depositions the last week before the close of discovery on March 23, 2021. The Parties were on track to complete all discovery prior to March 23, 2021.

6. Recently, the lead counsel in this matter, James Duncan, Esq. left Lewis Brisbois and I assumed primary handling of this matter. Previously, I served only as resident counsel for the Defendant in this matter.

7. In reviewing the case and the discovery left to conduct, I reached out to Plaintiff's counsel to discuss the possibility of a private mediation in this matter and continuing the discovery deadlines Ninety (90) days. It was agreed upon between counsel that given the amount of discovery left to conduct and the likely Covid-19 Pandemic created trial delays, it would be most cost-efficient to attend a private mediation before conducting the remaining party and expert depositions in this matter in a good faith attempt to resolve the case.

8. In making this stipulation, all counsel agreed to a Ninety (90) day discovery extension so the parties could attend private mediation. It took several days for the attorneys to obtain an agreement with their respective clients to mediate the case and extend the discovery deadlines. I immediately reached out to my client and to Justice Nancy Saitta at ARM and it further took a few days to come to an agreement on a mediation date.

9. The Parties are mediating this matter with Justice Nancy Saitta at ARM on April 28, 2021 in a good faith attempt to resolve this case short of trial and conducting any additional discovery.

10. In my conversations with Mr. Rose, I was going to prepare the proper Stipulation to continue the discovery dates. Upon agreement of the Parties to mediate, I turned my focus to obtaining a workable mediation date among the Parties as well as the agreement of my client to mediate the case. As a result and through excusable neglect, I did not timely prepare the Stipulation prior to the close of discovery.

11. Mr. Rose reached out to me during the first week of April 2021 and inquired about the Stipulation. During that period, I was in Southern California with my son for him to receive medical treatment and I was unable to draft the stipulation at that time.

12. As a result, Mr. Rose drafted the Stipulation and it was subsequently filed on April 6, 2021. See, ECF No. 29.

13. This is the third request for a discovery extension in this matter and there is no current trial date. There was no bad faith or dilatory motive or tactics on the part of either party. The fact that this Stipulation was submitted to the Court after the close of discovery was the result of excusable neglect and was completely unintentional.

I declare under penalty of perjury under the laws of the State of Nevada and the United States that the foregoing is true and correct.

Executed on this 16th day of April, 2021, in Las Vegas, Nevada.

/s/ Shaun M. Rose                                            /s/ David B. Avakian
SHAUN M. ROSE, ESQ.                              DAVID B. AVAKIAN, ESQ.

/././.

/././.

### D.    PROPOSED PLAN FOR COMPLETING DISCOVERY

| Event | Current Deadline | Proposed Deadline |
|---|---|---|
| Discovery Deadline | March 23, 2021 | **June 21, 2021** |
| Amend Pleading/Add Parties | August 20, 2020 | *No change* |
| Expert Disclosures | January 20, 2021 | *No change* |
| Rebuttal Expert Disclosures | February 17, 2021 | *No change* |
| File Dispositive Motions | April 23, 2021 | **July 22, 2021** |
| Pre-Trial Order | May 21, 2021 | **August 19, 2021** |

### E.    THE CURRENT TRIAL DATE

This matter has not been scheduled for trial.

/././.

**F.     NUMBER OF REQUESTS FOR EXTENSION**

This is the third request to extend discovery deadlines and continue trial date.

Dated this __16th__ day of April, 2021.

| | |
|---|---|
| Shaun Rose Law LLC | Lewis Brisbois Bisgaard & Smith LLP |
| __/s/ Shaun M. Rose_____ | __/s/ David B. Avakian_____ |
| Shaun M. Rose, Esq. | David B. Avakian, Esq. |
| 9505 Hillwood Dr. Suite 100 | 6385 S. Rainbow Blvd, Suite 600 |
| Las Vegas, NV 89134 | Las Vegas, NV 89118 |
| *Attorney for Plaintiff Brandi Begelman* | *Attorneys for Defendant* |

IT IS SO ORDERED

_____
UNITED STATES MAGISTRATE JUDGE

DATED: April 20, 2021